# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CYNTHIA McDONALD,

        Plaintiff

   v.                C-1-09-860

COMMISSIONER OF SOCIAL SECURITY,

        Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 16) and plaintiff's objections thereto (doc. no. 17). Plaintiff, a Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be affirmed.

I.

Plaintiff filed applications for SSI and DIB on October 24, 2006 alleging a disability onset date of October 1, 2006.  Those applications were denied initially and upon reconsideration.  Plaintiff then requested a *de novo* hearing before the ALJ.  The request was granted and an evidentiary hearing was held by video-conference on November 13, 2008.  Plaintiff was represented by Marlene Seindenberg at the hearing.  The ALJ heard testimony from plaintiff and vocational expert, Thomas Anderson, Ph.D.  The ALJ entered her decision denying plaintiff's applications on December 10, 2008 and the Appeals Council denied her request for review.

II.

Plaintiff specifically objects to the lack of deference given the RFC opinion of Dr. Bajorek, her neurologist and the findings of Dr. Patil, her primary care physician.  Despite two office notes (January 10, 2006 and August 1, 2006) reflecting a possible diagnosis of cervical radiculopathy, none of Dr. Bajorek's repeated objective tests supported that diagnosis and several notes specifically reflect that Dr. Bajorek had ruled out the possibility of cervical radiculopathy.

3

Contrary to plaintiff's argument, objective evidence relied upon by Dr. Bajorek did not reflect a diagnosis of cervical radiculopathy that would support his assessment of severe postural limitations. At a visit on January 10, 2006, Dr. Bajorek's examination of plaintiff showed normal strength and symmetrical reflexes. Dr. Bajorek's note refers to *"improvement"* of plaintiff's "cervical radiculopathy *pain*" with medication. (*Id.*)(emphasis added). Nerve studies including NCV and EMG tests performed on Plaintiff's upper extremities on November 23, 2005 by Dr. Bajorek reflect entirely normal results.

An MRI of the cervical spine taken on December 15, 2005 showed moderate left neural foraminal stenosis at C2-3, disc bulge and small tear at C4-5 and disc bulge with stenosis at C6-7. (Doc. 8-7 at 162-163). Plaintiff's cervical and lumbar spine range of motion, however, was full or only slightly reduced, and her shoulder and knee motion was likewise within normal limits. Her sensation was intact and her reflexes and strength were all normal, except for one examination.

4

The ALJ stated that "all objective electro-diagnostic testing is negative for carpal tunnel syndrome, radiculopathy, neuropathy and thoracic outlet syndrome. The claimant has not required surgery and has been treated conservatively." The ALJ's rejection of a portion of Dr. Bajorek's assessment satisfies the "good reasons" requirement. The severe postural limitations found by Dr. Bajorek are not supported by objective medical evidence.

Plaintiff alleges that Dr. Patil diagnosed cervical radiculopathy and thoracic outlet syndrome which diagnoses the ALJ improperly ignored. Although the ALJ did not find objective medical evidence to support a *diagnosis* of thoracic outlet syndrome, the ALJ determined that plaintiff's severe impairments include" *symptoms of* thoracic outlet syndrome" as well as "osteoarthritis of the knees and degenerative disc disease of the cervical and lumbar spine," which impairments were noted in Dr. Patil's records. Absent from a letter written by Dr. Patil in support of plaintiff's SSI and DIB applications is reference to any objective medical evidence to support the claimed diagnosis. Subsequent MRIs revealed only "mild degenerative disc disease," (MRI dated 9/27/06), and all other objective

tests were negative for cervical radiculopathy and thoracic outlet syndrome. The ALJ's explanation for rejecting Dr. Patil's diagnoses is supported by substantial evidence and satisfies the "good reasons" requirement. The rejection of Dr. Patil's opinion that plaintiff is "totally disabled" is not error because "[u]ltimately...the determination of disability is the prerogative of the [Commissioner], not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff's second objection is that the Magistrate Judge improperly dismissed the argument concerning the combination of impairments. There is substantial evidence in the record establishing that the ALJ did consider the combined effect of plaintiff's impairments in assessing her eligibility for disability benefits. The ALJ found plaintiff suffered from multiple impairments and analyzed each of plaintiff's impairments after carefully considering the entire record.

6

**Although plaintiff describes her chest pains as serious, objective medical evidence repeatedly ruled out any cardiac involvement and confirmed that plaintiff's chest was clear. The ALJ specifically considered plaintiff's complaints of chest pain and the lack of cardiac basis for that pain. There is no evidence, however, that the chest pains she experienced sporadically over the years had any impact on her ability to lift or carry weight and no physician, including Dr. Bajorek, imposed severe limitations on plaintiff's ability to lift or carry.**

**III.**

**Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner"s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Mullen v. Sec. of HHS</u>, 800 F.2d 535 (6th Cir. 1986); <u>Kirk v. Sec. of HHS</u>, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).**

7

Upon *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's contentions have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant further specific responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge that the Commissioner 's decision is supported by substantial evidence in the record.

Accordingly, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge and the final decision of the Commissioner denying plaintiff Supplemental Security Income and Disability Insurance Benefits is hereby AFFIRMED.

This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                          s/Herman J. Weber  
                                  Herman J. Weber, Senior Judge  
                                  United States District Court